

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR 3 0 2004

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| JERIE BATES | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 3:04-CV-0143-L |
| | § | |
| MID-WEST NATIONAL LIFE | § | |
| INSURANCE COMPANY OF | § | |
| TENNESSEE, et al | § | |
| Defendants. | § | |

## DEFENDANT'S AMENDED ANSWER

Defendant Mid-West Life Insurance Company ("Mid-West") files this Amended Answer to Plaintiff's Original Petition and states as follows:

## ANSWER

1.      No answer is required as to the allegation regarding the State Court discovery control plan.

2.      Admits the allegations in paragraph 2.

3.      Admits that it has filed an appearance in this action; but denies that Plaintiff is entitled to any of the relief requested in the Complaint.

4.      Denies the allegations in paragraph 4.

5.      States that, to its knowledge, Defendant Dan DeNeui has entered an appearance in this case.

DEFENDANT'S AMENDED ANSWER - Page 1

6.     Admits that the State of Texas and this Court has jurisdiction over it; but denies that Plaintiff is entitled to any of the relief requested in the Complaint.

7.     Admits that venue is proper in the Northern District of Texas, Dallas Division; but denies any additional allegations in this paragraph.

8.     Denies the allegations in paragraph 8.

9.     As to paragraph 9, is without knowledge or information sufficient to form a belief as to the truth of the allegations; and to the extent necessary, denies same.

10.    As to paragraph 10, states that the records referenced speak for themselves; and denies the remaining allegations.

11.    Denies the allegations in paragraph 11.

12.    Is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's medical treatment; and denies the remaining allegations in paragraph 12.

13.    Denies the allegations in paragraph 13.

14.    Denies the allegations in paragraph 14.

15.    Denies the allegations in paragraph 15.

16.    Incorporates its answers to the factual allegations set forth in paragraphs 1-16 as if set forth herein.

17.    Denies the allegations in paragraph 17.

18.    Denies the allegations in paragraph 18.

DEFENDANT'S AMENDED ANSWER - Page 2

19.    Denies the allegations in the paragraph labeled "VII" and paragraph 19.

20.    Incorporates its answers to the factual allegations set forth in paragraphs 1-20 as if set forth herein.

21.    Denies the allegations in paragraph 21.

22.    Denies the allegations in paragraph 22.

23.    Denies the allegations in paragraph 23.

24.    Denies the allegations in paragraph 24.

25.    Denies the allegations in paragraph 25.

26.    Denies the allegations in paragraph 26.

27.    Incorporates its answers to the factual allegations set forth in paragraphs 1 through 27 as if set forth herein.

28.    Denies the allegations in paragraph 28.

29.    Denies the allegations in paragraph 29.

30.    Denies the allegations in paragraph 30.

31.    Denies the allegations in paragraph 31.

32.    Denies the allegations in paragraph 32.

33.    Denies that Plaintiff is entitled to the relief requested.

34.    Denies any allegations not admitted herein.

## AFFIRMATIVE DEFENSES

35.     Plaintiff's state law claims are completely preempted by ERISA as 29 U.S.C. § 1132(a)(1)(B) provides the exclusive remedy available for covered benefits under an employee welfare benefit plan to the exclusion of all state law remedies. Further, Plaintiff's state law claims are expressly preempted under 29 U.S.C. § 1144(a).

36.     Plaintiff is not entitled to statutory benefits as Mid-West did not abuse its discretion in denying Plaintiff's claim.

37.     Plaintiff's claim for statutory benefits under ERISA is premature as Plaintiff has not exhausted all administrative remedies as set forth in ERISA nor has Plaintiff exhausted her right to appeal.

38.     Plaintiff's statutory claim for benefits is barred under ERISA as she has failed to satisfy all conditions precedent to the payment of benefits and are barred by the pre-existing illness exclusion in her certificate of insurance ("Certificate").

39.     In the alternative, Plaintiff has failed to satisfy all conditions precedent to the payment of benefits under the Certificate or the recovery of attorneys' fees.

40.     In the alternative, Plaintiff's claims are barred, in whole or in part, by her failure to mitigate her damages, if any.

41.     In the alternative, certain of Plaintiff's claims are barred by the two-year statute of limitations.

42.    In the alternative, Plaintiff's claim for misrepresentation is barred by the doctrine of waiver and knowledge due to the disclaimer regarding the lack of guaranty of payment in connection with the confirmation of the existence of the Certificate.

43.    In the alternative, Plaintiff cannot assert a cause of action for breach of contract and negligence in the performance of that breach under Texas law and the doctrine of election of remedies.

44.    In the alternative, to the extent any action or omission was taken by Dan DeNeui intentionally, or with a reckless disregard for the Plaintiff's rights, Dan DeNeui was not acting within the course and scope of any relationship with Mid-West.

## RELIEF REQUESTED

45.    Mid-West respectfully requests the following relief:

a.    That Plaintiff take nothing by reason of her suit;

b.    That Mid-West be dismissed with its costs and attorneys' fees under 29 U.S.C. § 1132(g); and

c.    Mid-West has such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

DEFENDANT'S AMENDED ANSWER - Page 5

Respectfully submitted,

FIGARI & DAVENPORT, L.L.P.

By: _____
       Mark T. Davenport
       State Bar No. 05418000
       Monica L. Luebker
       State Bar No. 12670750

3400 Bank of America Plaza
901 Main Street
Dallas, Texas  75202
(214) 939-2000
(214) 939-2090 (FAX)

ATTORNEYS FOR DEFENDANT
MID-WEST NATIONAL LIFE INSURANCE
COMPANY OF TENNESSEE

## CERTIFICATE OF SERVICE

       This is to certify that a true and correct copy of the foregoing document has been served via certified mail, return receipt requested, to Rick Lee Oldenettel, Oldenettel & Associates, P.C., 1360 Post Oak Blvd., Suite 2350, Houston, Texas 77056; Dwight Francis, Gardere Wynne Sewell, L.L.P., 3000 Thanksgiving Tower, 1601 Elm Street, Dallas, Texas 75201-4761; and Thomas J. Fisher, Shannon, Gracey, Ratliff & Miller, L.L.P., 777 Main Street, Suite 3800, Fort Worth, Texas 76102 on the _30_ day of April, 2004

_____
Monica L. Luebker

**DEFENDANT'S AMENDED ANSWER - Page 6**